IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IKRAME ELMERDI, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| PHP ENTERPRISES, INC., and PRAKASH PATEL, | ) ) ) | |
| Defendants. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ikrame Elmerdi ("Plaintiff" or "Elmerdi"), on behalf of herself and all others similarly situated, through undersigned counsel, and files this lawsuit against Defendants PHP Enterprises ("PHP Enterprises") and Prakash Patel ("Patel") (PHP Enterprises and Prakash Patel collectively referred to as "Defendants"), and for her Complaint shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  With respect to Count I,

Plaintiff brings this action as the representative party for all similarly situated employees of Defendant(s).

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA"). Plaintiff also brings state law claims for damages.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. § 1367.

4.

Defendant PHP Enterprises is a Georgia corporation and resides in this district. Defendant PHP Enterprises does business in and is engaged in commerce in the State of Georgia. Defendant Patel resides in this district. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this

district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

From May 2012 to January 2014, Plaintiff was employed by Defendants as a front desk worker at Defendants' Comfort Inn hotel located at 5793 Roswell Road, N.E., Atlanta, Georgia 30328.

6.

Throughout her employment, Defendants treated Plaintiff as non-exempt from the overtime requirements of the FLSA.

7.

From May – November 2012, Plaintiff was paid on an hourly basis at a rate of $8.00 – 10.00 per hour.

8.

From November 2012 – January 2014, Plaintiff was paid a salary of $400 per week for her first 40 hours of work via a check with taxes withheld.

9.

Plaintiff's $400 salary was intended to compensate Plaintiff for 40 hours of work in a workweek.

10.

Throughout her employment, Plaintiff was paid for overtime hours in cash at her straight time rate, or less. Specifically, when Plaintiff worked in excess of 40 hours in workweeks during the period in which she was paid on an hourly basis, May – November 2012, Plaintiff received her regular hourly rate or less in cash for overtime hours. When Plaintiff worked in excess of 40 hours during the period in which she received a salary to cover 40 hours of work, she received $10.00, or less for each overtime hour she worked.

11.

Throughout Plaintiff's employment, she regularly worked more than 40 hours per week and was not paid overtime compensation at one and one half times her regular rate for hours she worked over 40 in such workweeks.

12.

Throughout Plaintiff's employment with Defendants, Defendants maintained a policy of not paying correct overtime compensation to all of its hourly employees at the location where Plaintiff worked, including front desk, housekeeping, and breakfast room workers. In particular, rather than pay its hourly workers time and a

half for overtime hours, Defendants paid its hourly employees straight time, or less for overtime hours in cash.

13.

Defendant Patel is the Chief Executive Officer of PHP Enterprises and he owns and operates at least three hotels in the metro Atlanta, Georgia area, including a Super 8 Motel, a Comfort Inn, and a Holiday Inn. In particular, Defendant Patel owns a Super 8 Motel located at 1451 Hudson Bridge Road, Stockbridge, Georgia 30281, a Holiday Inn at 2158 Ranchwood Drive, Atlanta, Georgia 30345, and the Comfort Inn at which Plaintiff worked.

14.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

15.

In numerous workweeks while employed by Defendant as a non-exempt employee in the last three years, including numerous weeks in which she was paid on an hourly basis and numerous weeks in which she received a salary, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks

16.

Defendant PHP Enterprises is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

Defendant Patel is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

18.

Throughout Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendant PHP Enterprises is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

20.

Defendant Patel is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

21.

Defendant PHP Enterprises is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

22.

Defendant Patel is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

23.

Defendants failed to keep accurate time records for all hours worked by Plaintiff.

24.

Defendant Patel is involved in the day-to-day operations and has substantial operational control over PHP Enterprises, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

25.

Defendant Patel exerts substantial control over PHP Enterprises compliance with the Fair Labor Standards Act.

26.

Defendant Patel has the power to hire and fire employees, including, without limitation, individuals employed by PHP Enterprises in the same capacity as Plaintiff.

27.

Defendant Patel controls employee work schedules or conditions of employment including, without limitation, individuals employed by PHP Enterprises in the same capacity as Plaintiff.

28.

Defendant Patel determines the rate and method of payment for employees including, without limitation, individuals employed by PHP Enterprises in the same capacity as Plaintiff.

29.

At all times relevant to this action, Defendant Patel oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by PHP Enterprises in the same capacity as Plaintiff.

30.

Defendants, individually and collectively, are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

31.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

32.

At all relevant times, individually and collectively, Defendants have been and remain, "employers" within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

33.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

34.

Plaintiff is entitled to overtime pay for the hours she worked over (40) in given workweeks throughout her employment. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff has suffered lost wages.

35.

Throughout Plaintiff's employment with Defendants she was subjected to severe and pervasive sexual harassment, including repeated lewd sexual comments and batteries by Defendant Patel.

36.

On multiple occasions within the last two years, Defendant Patel grabbed Plaintiff's buttocks when she was working without her consent.

37.

On multiple occasions within the last two years, Defendant Patel made vulgar sexual remarks and advances towards Plaintiff, including asking Plaintiff to show him her breasts, suggesting that Plaintiff have sex with him and another employee of the hotel, and advising Plaintiff that she would need "please him" sexually if she wanted to receive overtime compensation.

38.

Within the last two years, Defendant Patel directed Plaintiff to bring toothpaste to his room at the hotel and when she dropped off the toothpaste Patel opened the door naked and stated to Plaintiff that he had just had his hair waxed, including his "butthole", and asked whether Plaintiff liked the way he looked.

## IV.    Collective Action Allegations[1]

### 39.

Plaintiff incorporates the allegations set forth above as if set forth fully herein.

### 40.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals comprising "Collective Class" are individuals who, at any time in the last three years, have worked for Defendant PHP Enterprises and/or Defendant Patel as hourly employees.

### 41.

During the last three years, Plaintiff and the members of the Collective Class have regularly worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given workweeks as hourly, non-exempt employees entitled to overtime compensation.

---

[1] Plaintiff respectfully reserves the right to seek leave from the Court to amend her Complaint to add other entities that may be liable for FLSA claims of workers from Defendant Patel's hotels.

42.

During the last three years, Defendants were aware that Plaintiff and members of the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

43.

During the last three years, Defendants maintained a policy of paying Plaintiff and members of the Collective Class their straight time rate, or less for overtime hours in cash. In so doing, Defendants failed to pay members of the Collective Class overtime compensation, calculated at one and one-half times their regular rate of pay for hours they worked in excess of (40) in given workweeks.

44.

During the last three years, the primary duty of Plaintiff and the Collective Class was the performance of non-exempt work.

45.

During the last three years, Defendants paid Plaintiff and members of the Collective Class on an hourly basis, and failed to pay the employees overtime compensation, calculated at one and one-half times their regular rate of pay, for hours such employees worked in excess of (40) in given workweeks.

46.

Plaintiff and members of the Collective Class were subjected to the same unlawful policy, i.e. Defendants' practice of paying non-exempt, hourly employees straight time or less for overtime hours in cash.

## Count I

## Violation of the Overtime Wage Requirement of

## the Fair Labor Standards Act (Plaintiff and the Collective Classes)

47.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

48.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and members of the Collective Class worked in excess of (40) hours in given workweeks.

49.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

50.

Defendants suffered or permitted Plaintiff and members of the Collective Class to routinely work more than (40) hours per week without overtime compensation.

51.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and members of the Collective Class at the required overtime rate.

52.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

53.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff and members of the Collective Class, and thus has failed

to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

54.

Plaintiff and members of the Collective Class were subject to the same unlawful policy of Defendants, i.e. Defendants' practice of paying non-exempt, hourly employees straight time or less for overtime hours in cash.

55.

Defendants' violations of the FLSA were willful and in bad faith.

56.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and members of the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II -  Negligent Hiring, Supervision and Retention

57.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

58.

Because Defendant Patel was Defendant PHP Enterprises's alter ego/proxy, Defendant PHP Enterprises knew of Defendant Patel's propensity to engage in sexually offensive conduct toward female employees, and Plaintiff in particular.

59.

It was foreseeable that Defendant Patel would engage in the sexual harassment of Plaintiff.

60.

Defendant PHP Enterprises nevertheless failed and refused to act to protect Plaintiff.

61.

Defendant PHP Enterprises was willfully negligent in its hiring, supervising, and/or continuing the employment of Defendant Patel.

62.

By retaining Defendant Patel after it knew or should have known of his propensity to engage in sexual harassment, Defendant PHP Enterprises breached its duty to Plaintiff to provide a working environment free from sexual harassment as required by Georgia law.

63.

Defendant Patel, acting as CEO of PHP Enterprises, refused to replace himself with an outside manager once he had notice of unwanted advances against Plaintiff.

64.

As a result of said negligence, which was gross and in reckless disregard for Plaintiff's health and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and other indignities.

## Count III -  Intentional Infliction of Emotional Distress

65.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

66.

Defendants' treatment of Plaintiff was so insulting as to naturally humiliate, embarrass, and frighten Plaintiff.

67.

Defendants acted intentionally, willfully, maliciously and purposely, with the intent to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress.

68.

Defendants knew or should have reasonably known that as a result of the aforementioned extreme and outrageous conduct, Plaintiff would be subjected to severe emotional distress and pain and suffering.

69.

As a result of the aforementioned conduct of Defendants, Plaintiff has suffered severe and grievous emotional distress, anxiety, nervousness, humiliation, and pain and suffering.

70.

Defendant PHP Enterprises ratified Defendant Patel's behavior by, *inter alia*, retaining Defendant Patel after having actual or constructive knowledge of his unlawful behavior.

71.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

72.

 The foregoing acts of Defendant Patel were intentional and humiliating. Defendant PHP Enterprises' acquiescence in the harassment of its employee further evinces a conscious disregard for the circumstances and rights of others,

and a specific intent to cause harm. Plaintiff is accordingly entitled to recover from Defendants, in addition to her compensatory damages, an award of punitive damages under the law of Georgia, including but not limited to O.C.G.A. § 51-12-5.1, to punish Defendants, or to deter them from repeating such wrongful acts.

## Count IV - Battery

73.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

74.

On every occasion Defendant Patel touched Plaintiff in an offensive manner without permission or other justification, Defendant Patel committed battery.

75.

Defendant Patel is liable for all general and special damages proximately resulting from each battery of Plaintiff.

76.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

77.

The averments contained in this Complaint do not contain all facts and legal theories upon which Plaintiff relies, and are intended to give the Defendants notice of the nature of Plaintiff's claims.  Any facts that might be inconsistent should be construed as encompassing pleadings in the alternative.

## Count V – Attorneys' Fees and Expenses of Litigation

## (Pursuant to O.C.G.A. § 13-6-11 as to Plaintiff's State Law Claims)

78.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

79.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

80.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

## Count VI – Punitive Damages

## (Pursuant to O.C.G.A. § 51-12-5 as to Plaintiff's State Law Claims)

### 81.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

### 82.

The aggravating circumstances in Defendants' commission of the conduct against Plaintiff and intentions in committing same, entitle Plaintiff to an award of punitive damages to deter Defendants from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Certify this matter as a collective action and provide notice to putative class members;

(E)  Grant Plaintiff leave to add additional state law claims if necessary;

(F)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(G)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(H)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(I)  Reasonable attorney's fees and expenses of litigation on Plaintiff's state law claims pursuant to O.C.G.A. § 13-6-11;

(J)  Prejudgment interest at the rate allowed by law;

(K)  All other relief to which Plaintiff and putative class members' may be entitled.

This 6th day of May, 2015.

                    **BARRETT & FARAHANY, LLP**

                    /s/ V. Severin Roberts
                    Amanda A. Farahany
                    Georgia Bar No. 646135
                    V. Severin Roberts
                    Georgia Bar No. 940504
                    Attorneys for Plaintiff Ikrame Elmerdi

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile