CONFIDENTIAL SETTLEMENT AGREEMENT AND
RELEASE OF FLSA CLAIMS

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Ikrame Elmerdi**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Elmerdi") and **PHP Enterprises, Inc., and Prakash Patel, Individually,** and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Elmerdi and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Elmerdi.

WHEREAS, Elmerdi was employed by PHP Enterprises, Inc., and

WHEREAS, Elmerdi has alleged unlawful employment practices in violation of the Fair Labor Standards Act ("FLSA") against The Released Parties (allegations which the Released Parties vehemently deny), by filing

a lawsuit styled *Elmerdi v. PHP Enterprises, Inc., and Prakash Patel,* Case No. 1:15-cv-1604-MHC, Northern District of Georgia;

WHEREAS, the Parties now desire to and do settle all claims by Elmerdi that were or could have been asserted;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Released Parties agree to pay to Elmerdi the total amount of Fourteen Thousand Eight Hundred & Fifty Five Dollars and 20/100 cents ($14,855.20), which includes attorneys' fees and costs, allocated as follows:

A. A payroll check in the amount of $3,041.14 made payable to Ikrame Elmerdi, for unpaid overtime compensation and for which a W-2 shall be issued to Elmerdi;

B. A check in the amount of $3,041.14 made payable to Ikrame Elmerdi, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued to Elmerdi; and

C. A check in the amount of $8,772.92 made payable to her attorneys, Barrett & Farahany, LLP, for attorney's fees and costs, for which

a 1099 shall be issued, which is specifically allocated to Elmerdi's FLSA claims.

Settlement payments described above will be due in Plaintiff's counsel's office (c/o Barrett & Farahany, LLP, 1100 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30309) within ten (10) business days of the last of these three (3) events: (1) Elmerdi signing this Agreement; (2) the revocation period expiring; and (3) the District Court approving this settlement. Elmerdi agrees to indemnify and reimburse The Released Parties for any tax liability, fines, penalties or interest assessed by the Internal Revenue Service or the Georgia Department of Revenue against The Released Parties if such liability is on account of the allocation described above.

2. Elmerdi agrees that this is a disputed claim and represents that upon receipt of all of the above mentioned funds she will have been paid in full for any and all alleged back wages, liquidated damages and attorneys' fees for all hours worked while employed with The Released Parties, including any overtime hours worked while in any non-exempt job position, and will dismiss her FLSA claims with prejudice within 3 business days of the end of the revocation period described below in paragraph 19e. Nothing in this Agreement shall be construed as a release of any

claims or damages, apart from Elmerdi's Fair Labor Standards Act ("FLSA") claim and damages stemming therefrom.

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4. Confidentiality. Except where compelled by law, Elmerdi agrees not to disclose or publicize the terms or existence of this Agreement to anyone other than her spouse, attorney and tax advisor or accountant, all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Elmerdi agrees only to state that she has elected not to pursue the matter further. If Elmerdi violates this provision as found by a court of law, Elmerdi shall pay The Released Parties $500.

5. Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Party, their products, services, affairs, payroll practices, or other operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander. If any prospective employer of Elmerdi contacts Mr. Prakash Patel, he shall, on

behalf of The Released Parties, give a neutral reference, only indicating Elmerdi's dates of employment, and position(s) held. Elmerdi also agrees never to seek employment with The Released Parties at any point in the future. Nothing in this Agreement shall impair, interfere with, or effect Elmerdi's right to proceed with non-FLSA claims against The Released Parties and to make or publish any statement to the Released Parties, counsel, witnesses, or the Court necessary during litigation against The Released Parties.

6. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7. Elmerdi represents and warrants that she is authorized to enter into and that she has the authority to perform the terms of this Agreement. Elmerdi represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Elmerdi hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all Released Parties from any and all duties, claims, rights, complaints, charges,

damages, costs, expenses, attorneys' fees, all unpaid wages, liquidated damages, attorneys' fees, or other form of relief attributable to any violation of the FLSA. Nothing in this Agreement shall be construed as a release of any claims or damages, apart from Elmerdi's FLSA claims and damages stemming therefrom.

IT IS THE INTENT OF ELMERDI TO RELEASE ALL CLAIMS OF EVERY NATURE AND KIND WHETHER KNOWN OR UNKNOWN, ACCRUED OR NOT ACCRUED, WHICH ELMERDI HAD OR MAY HAVE AGAINST THE RELEASED PARTIES AS OF THE DATE OF THE EXECUTION OF THIS SETTLEMENT AGREEMENT ARISING UNDER THE FAIR LABOR STANDARDS ACT.

9. Elmerdi covenants not to hereafter sue or to authorize anyone else to file a lawsuit on her behalf against the Released Parties on an FLSA claim and not to become a member of any class suing the Released Parties on any claims released herein. Although Elmerdi understands that she may provide information in an investigation or proceeding conducted by any government agency, she covenants and agrees not to accept, recover, or receive any damages or any other form of relief that may arise out of or in connection with any action brought pursuant to the Fair Labor Standards Act. In addition, Elmerdi agrees not to induce, incite, or encourage claims of any nature by others against the Released Parties.

10. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

13. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

15. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

17 The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

18. Elmerdi acknowledges that she has been advised to consult an attorney prior to signing this agreement, and has in fact done so. In

this respect, Elmerdi has consulted with and been advised by V. Severin Roberts, Esquire in this matter and is satisfied that Mr. Roberts has explained to her all of her options in connection with this Agreement.

19. Acknowledgment: By executing this Settlement Agreement, the Parties acknowledge that they have had a full and fair opportunity to obtain legal counsel and other counsel regarding the terms and legal significance of this Settlement Agreement. Elmerdi further acknowledges that, in executing this Settlement Agreement she does not rely on and has not relied on any representation or statement made by The Released Parties or any of their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Settlement Agreement that are not contained in this writing. By signing this Agreement, Elmerdi further agrees and certifies that:

(a) she has carefully read and fully understands the provisions of this Agreement, including the release of all FLSA claims and covenant not to sue and the confidentiality provision of this Agreement;

(b) she has the right to and is encouraged to consult counsel regarding the terms of this Agreement;

(c) she is competent in all respects and duly authorized to sign this Agreement;

(d) she agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, and

(e) she was given at least twenty-one (21) days to consider this Agreement (although she can waive the twenty-one (21) day period) and that she has seven (7) days after execution and return of the original signed document to Debra Schwartz (see below) to revoke her agreement to the terms of this Agreement. In the event that Elmerdi wishes to revoke the agreement within the seven day period she shall send written notice to Debra Schwartz, Schwartz Rollins LLC, 945 E. Paces Ferry Road, Suite 2270, Atlanta, GA 30326.

20. With the exception of revocation described in the previous paragraph, no cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement, or any provision hereof or waiver of any right herein provided, shall be effective for any purpose unless specifically set forth in a written agreement signed by Elmerdi and an authorized representative of the Released Parties.

09-22-2015
Date

Ikrame Elmerdi

9/28/15
Date

______________________
Prakesh Patel

9/28/15
______________________
Date

______________________
Representative of PHP ENTERPRISES, INC